UNITED STATES  DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


KERRY L. DOUCETTE                              CIVIL ACTION

VERSUS                                         NUMBER: 13-4999

ASSISTANT DISTRICT ATTORNEY                    SECTION: "G"(5)
JESSICA BREWSTER, ET AL.


                      **REPORT AND RECOMMENDATION**

        This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Kerry L. Doucette, against defendants, St. Tammany Parish Assistant District Attorney ("ADA") Jessica Brewster and Detective John Cole of the Slidell Police Department.

        Plaintiff is an inmate of the Elayn Hunt Correctional Center, St. Gabriel, Louisiana.  He alleges that on May 1, 2009, following a stop for a routine traffic violation, he was arrested for possession of marijuana and was charged accordingly.  After being transported to the police station, plaintiff was told that in order to get his car back he had to sign a notice of pending forfeiture. Plaintiff was later transferred to the St. Tammany Parish Prison but was not furnished with a copy of the document he had signed. Plaintiff's fiancee' subsequently called the police department

numerous times and was told that plaintiff had to contact them himself to find out how to get his car back. Plaintiff then wrote to the Slidell Police Department about the issue and ultimately received a letter from ADA Brewster informing him that a judgment of forfeiture as to the car had been issued. Plaintiff complains that he was never afforded an opportunity to get his car back and that he had no knowledge of the thirty-day time limit within which to file a claim or an affidavit. Plaintiff seeks an opportunity to get his car back or compensatory damages for his lost property and for wrongful seizure. (Rec. doc. 1, pp. 5-6).

Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915. A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). <u>See also</u> 28 U.S.C. §1915A(b)(1), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff alleges that his car was seized by Detective Cole at the time of his arrest on May 1, 2009 and that he was subsequently

informed by ADA Brewster that a judgment of forfeiture as to the car had been issued.  As respects Detective Cole, the action of which plaintiff complains occurred over four years ago.  Because §1983 contains no statute of limitations, federal courts look to the most analogous state statute of limitations had the action been brought in state court.  Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938 (1985).  In Louisiana, delictual actions are subject to a prescriptive period of one year.  LSA-C.C. Art. 3492; Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989).  The prescriptive period begins to run from the moment the plaintiff knows or has reason to know of the injury that forms the basis of his complaint.  Helton v. Clements, 832 F.2d 332, 334-35 (5th Cir. 1987).  Because plaintiff's claim against Detective Cole for the initial seizure of his car is clearly prescribed, it should be dismissed with prejudice under §1915(e)(2)(B)(i) and (ii).  Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993).

With respect to ADA Brewster, plaintiff alleges only that she responded to a letter of inquiry he had written and simply informed him that a judgment forfeiting his car had been entered.  Plaintiff does not specifically allege that Brewster was involved in the forfeiture proceeding itself in any way.  To the extent that Brewster was merely providing plaintiff with information about a proceeding that was undoubtedly a matter of public record, there is

3

no basis upon which to hold her liable here.  In order to successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate the defendant's participation in an alleged wrong.  <u>Jacquez v. Procunier</u>, 801 F.2d 789, 793 (5th Cir. 1986).  Furnishing plaintiff with information about a state court proceeding which is available to the public at large is not a civil rights violation.  To the extent that ADA Brewster was involved in the forfeiture proceeding itself, she is entitled to absolute prosecutorial immunity for any §1983 claim against her in her individual capacity.  <u>McQueen v. Williams</u>, No. 11-CV-0724, 2011 WL 2182113 at *3 (E.D. La. Apr. 26, 2011), <u>adopted</u>, 2011 WL 2181380 (E.D. La. June 2, 2011).  To the extent that Brewster is being sued in her official capacity, such is equally unavailing here as plaintiff makes no allegation that an official policy or custom was a cause in fact of the deprivation at issue.  <u>Id</u>. at p. 4.  Accordingly, it will be recommended that plaintiff's suit be dismissed with prejudice pursuant to §1915(e)(2)(B)(i) and (ii).

## **<u>RECOMMENDATION</u>**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

    New Orleans, Louisiana, this __16th__ day of ____July____, 2013.

                                            ALMA L. CHASEZ
                                 UNITED STATES MAGISTRATE JUDGE