## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KERRY L. DOUCETTE**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 13-4999**

**ASSISTANT DISTRICT ATTORNEY**                          **SECTION: "G"(5)**
**JESSICA BREWSTER, et al.**

## ORDER AND REASONS

Before the Court is Plaintiff Kerry Doucette's ("Plaintiff") objection[1] to the July 16, 2013

Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Plaintiff,

a state prisoner incarcerated at Elayn Hunt Correctional Center, filed a complaint pursuant to 42

U.S.C. § 1983 alleging his constitutional rights were violated when the police seized his car

following his arrest.[3] Plaintiff filed suit against Detective John Cole ("Cole") of the Slidell Police

Department, the arresting officer, and St. Tammany Parish Assistant District Attorney Jessica

Brewster ("Brewster"), who informed Plaintiff that a judgment of forfeiture was issued as to his car.[4]

The Magistrate Judge recommends that the Court dismiss Plaintiff's complaint with prejudice.[5]

Plaintiff does not specifically object to any of the Report and Recommendation findings but prays

instead that he be allowed to withdraw his complaint.[6] On September 19, 2013, Defendant Brewster

filed a motion to dismiss the complaint arguing, *inter alia*, that the court lacks jurisdiction in this

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 9.

[3] Rec. Doc. 1 at 4–6.

[4] Rec. Doc. 1 at 2.

[5] Rec. Doc. 9.

[6] Rec. Doc. 10 at 2.

matter.[7] After reviewing the complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's objection, the record, and the applicable law, for the following reasons, the Court will reject the Magistrate Judge's Report and Recommendation, grant Brewster's motion to dismiss the complaint and dismiss this action for lack of jurisdiction.

## I.  Background

### A.  Factual Background[8]

Plaintiff is an inmate of the Elayn Hunt Correctional Center, St. Gabriel, Louisiana.[9] He alleges that on May 1, 2009, following a stop for a routine traffic violation, he was arrested for possession of marijuana and was charged accordingly.[10] After being transported to the police station, Plaintiff was told he had to sign a notice of pending forfeiture in order to get his car back.[11] Plaintiff was later transferred to the St. Tammany Parish Prison, but was not furnished with a copy of the document he had signed.[12] Plaintiff's fiancee subsequently called the police department numerous times and was told that Plaintiff had to contact them himself to find out how to get his car back.[13] Plaintiff wrote to the Slidell Police Department about the issue.[14] He ultimately received a letter

---

[7] Rec. Doc. 16.

[8] The following background derives from Plaintiff's complaint, and the Court will consider allegations as true for the purposes of considering Plaintiff's objections.

[9] Rec. Doc. 1 at 3.

[10] *Id.* at 5.

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

from Brewster informing him that a judgment of forfeiture as to the car had been issued.[15] Plaintiff complains that he was never afforded an opportunity to get his car back and that he had no knowledge of the thirty-day time limit within which to file a claim or an affidavit.[16] Plaintiff seeks an opportunity to get his car back or compensatory damages for his lost property and for wrongful seizure.[17]

**B. Report and Recommendation Findings**

On July 16, 2013, the Magistrate Judge recommended that Plaintiff's claims be dismissed with prejudice "as frivolous and for failing to state a claim upon which relief can be granted."[18] The Magistrate Judge found Plaintiff's complaint against Cole was time-barred.[19] The Magistrate Judge explained that because 42 U.S.C. §1983 contains no statute of limitations, federal courts must look to the most analogous state statute of limitations.[20] The Magistrate Judge noted that in Louisiana delictual actions are subject to a one year prescriptive period,[21] which begins to run the moment the plaintiff knew or should have reasonably known of the injury forming the basis of the complaint.[22] Plaintiff alleged that his car was seized by Cole on May 1, 2009, over four years before Plaintiff

---

[15] *Id.*

[16] *Id.* at 5–6.

[17] *Id.* at 6.

[18] Rec. Doc. 9 at 2 (citing 28 U.S.C. §1915(e)(2)(B)(I) and §1915(e)(2)(B)(ii)).

[19] *Id.* at 3.

[20] *Id.* (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)).

[21] *Id.* (citing LA. CIV. CODE ANN. art. 3492 and *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989)).

[22] *Id.* (citing *Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1989)).

filed his complaint.[23] Because the one year period had prescribed, the Magistrate Judge recommended that this claim be dismissed with prejudice.[24]

The Magistrate Judge also recommended that any claims against Brewster in either her official or individual capacity be dismissed.[25] First, the Magistrate Judge found that Plaintiff failed to demonstrate "a set of facts that illustrate the defendant's participation in an alleged wrong."[26] Brewster's only alleged involvement was responding to Plaintiff's inquiry about the status of his car and providing information of a court proceeding in the public record.[27] The Magistrate Judge found that this behavior does not qualify as a civil rights violation.[28] The Magistrate Judge also determined that if Brewster was involved in the forfeiture proceeding, she would qualify for absolute prosecutorial immunity from any claims against her in her individual capacity.[29] Additionally, the Magistrate Judge found that any claims against Brewster in her official capacity must fail because Plaintiff did not allege that any official policy or custom was a cause in fact of the deprivation at issue.[30]

---

[23] *Id.* at 2–3.

[24] *Id.* at 3 (citing *Graves v.Hampton*, 1 F.3d 315, 319 (5th Cir. 1993)).

[25] *Id.* at 4.

[26] *Id.* (citing *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986)).

[27] *Id.*

[28] *Id.*

[29] *Id.* (citing *McQueen v. Williams*, Civ. Action No. 11-0724, 2011 WL 2182113 at *3 (E.D. La. Apr. 26, 2011), *adopted*, 2011 WL 2181380 (E.D. La. Jun. 2, 2011)).

[30] *Id.* (citing *McQueen* at *4).

## II. Parties' Arguments

### A.  Plaintiff's Objection

On July 29, 2013, Plaintiff filed an "Objection to Recommendation."[31] However, Plaintiff does not specifically object to any findings of the Magistrate Judge's Report and Recommendation.[32] Plaintiff requests that he be permitted to withdraw his complaint.[33] He wishes to file his claim in state court "in order to obtain more information and facts concerning those that are to be held liable."[34] Plaintiff asserts that he wanted to withdraw his complaint before it was transferred from the Middle District of Louisiana to the Eastern District of Louisiana.[35] Plaintiff claims he received notice of the transfer of his case the same day he planned to send his request to withdraw his complaint, preventing him from mailing the request to the Middle District of Louisiana.[36]

### B.  Defendant Brewster's Motion to Dismiss

On September 19, 2013, Brewster filed a motion to dismiss the complaint.[37] Brewster argues, *inter alia*, that the court lacks jurisdiction in this matter under the *Rooker / Feldman* doctrine because it is "inextricably intertwined" with a state court judgment of forfeiture which occurred in May 2009.[38]

_____

[31] Rec. Doc. 10.

[32] *Id.* at 1–2.

[33] *Id.*

[34] *Id.*

[35] *Id.* The case was transferred from the Middle District of Louisiana to the Eastern District of Louisiana on July 10, 2013.

[36] *Id.* at 1–3.

[37] Rec. Doc. 16.

[38] Rec. Doc. 16-1 at 3 (citing *U.S. v. Shepherd*, 23 F.3d 923 (5th Cir. 1994).

### III.  Standard of Review

When designated by a district court to do so, a United States Magistrate Judge may consider prisoner petitions challenging the conditions of confinement and recommend their disposition to the District Court Judge in accordance with the Magistrate Judge's findings of fact and determinations of law.[39] A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[40]  The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[41] However, a District Court's review is limited to plain error of parts of the report which are not properly objected to.[42]

### IV.  Law and Analysis

Although only Defendant Brewster has moved to dismiss Plaintiff's complaint based on the *Rooker/Feldman* doctrine, a district court has "the responsibility to consider the question of subject matter jurisdiction sua sponte if it is not raised by the parties."[43] "Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case."[44] Under the *Rooker/Feldman* doctrine, federal district courts lack jurisdiction to entertain collateral attacks against state judgments.[45] "If the district court is confronted with issues

---

[39] 28 U.S.C. § 636(b)(1)(B).

[40] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[41] Fed. R. Civ. P. 72(b)(3).

[42] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[43] *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir.1985).

[44] *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (internal citations and quotation marks omitted).

[45] *U.S. v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 482 (1983).

that are inextricably intertwined with a state judgment, the court is in essence being called upon to review the state-court decision, and the originality of the district court's jurisdiction precludes such a review."[46]

"The federal courts *do not* have subject matter jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."[47] "The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation 'federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s].'"[48] Further, the *Rooker/Feldman* doctrine applies to federal challenges to state forfeiture proceedings.[49]

The issues presented in Plaintiff's complaint are inextricably intertwined with a judgment of forfeiture issued by a state court. Plaintiff's claims against Brewster and Cole are interrelated and challenge their respective roles in the seizure and forfeiture of his car. Under Louisiana law, Plaintiff was required to bring any action concerning the seizure and forfeiture in the civil forfeiture proceeding itself.[50] Plaintiff seeks to collaterally attack the judgment of a Louisiana court insofar as it approved the seizure and forfeiture of his car pursuant to Louisiana law. Accordingly, the Court

---

[46] *Id.* (internal citation and quotation marks omitted).

[47] *Musslewhite v. State Bar of Tx.*, 32 F.3d 942, 946 (5th Cir. 1994) (emphasis in original).

[48] *Liedtke v. State Bar of Tx.*, 18 F.3d 315, 317 (5th Cir.1994) (quoting *Kimball v. Fl. Bar*, 632 F.2d 1283, 1284 (5th Cir.1980)) (alterations in original).

[49] *Fulton v. Texas*, 217 F. App'x 371 (5th Cir. 2007).

[50] *See* LA. REV. STAT. ANN. § 40:2620 ("No person claiming an interest in property subject to forfeiture may commence or maintain any action against the state concerning the validity of the alleged interest other than as provided in this Chapter.").

lacks jurisdiction over his claim under the *Rooker/Feldman* doctrine and dismissal is appropriate.[51]

## V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Magistrate Judge's recommendation is **REJECTED**;

**IT IS FURTHER ORDERED** Defendant Brewster's Motion to Dismiss for is **GRANTED**

and Plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction.

**NEW ORLEANS, LOUISIANA,** this  18th   day of August, 2014.


**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[51] *See McQueen v. Williams*, Civ. Action No. 11-0724, 2011 WL 2182113 (E.D. La. Apr. 26, 2011), *adopted*, 2011 WL 2181380 (E.D. La. Jun. 2, 2011); *Griffin v. Reed*, Civ. Action No. 06-673, 2006 WL 3715778 (E.D. La. Nov. 7, 2006), *adopted*, 2006 WL 3715778 (E.D. La. Dec. 12, 2006); *Lee v. Chang*, Civ. Action No. 09-320, 2009 WL 311100 (S.D. Tex. Feb. 6, 2009).